UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-478-H

AMY Y. THOMAS                                                                                          PLAINTIFF

V.

UNITED STATES OF AMERICA                                                                    DEFENDANT

**MEMORANDUM OPINION**

Defendant, United States of America, has moved to dismiss Plaintiff's complaint for medical malpractice. The complaint alleges medical malpractice at Ireland Army Hospital in connection with the delivery of her baby on October 30, 2002. The motion is premised upon Plaintiff's failure to submit a proper expert report which supports her case.

I.

Plaintiff filed her complaint on July 9, 2009. After considerable pre-trial proceedings, the parties resolved upon a final discovery agreement. By agreement of the parties and by Court order, Plaintiff was to submit her Rule 26(a)(2) expert disclosures originally on or by March 31, 2010:

> "The Parties agree that to the extent treating physicians will be offering testimony beyond the scope of their own diagnosis and treatment, the party presenting such physician shall disclose in writing the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion on or before the party's deadline for expert disclosures. This requirement may be satisfied by furnishing a report signed by the treating physician or by a narrative disclosure presented by the party."

On March 30, 2010, Plaintiff filed with this Court "Plaintiff's Expert Witness

Disclosure," which identified seven treating physicians and simply informed that "Plaintiff does not possess a written report" from each, "except for medical records" associated with treatment. The disclosure does not set forth "the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion on or before the party's deadline for expert disclosures." By letter dated March 31, 2010, Defendant's counsel wrote opposing counsel requesting a proper expert disclosure. Later Defendant requested a conference to resolve matters.

The Court held a teleconference on May 21 to discuss the discovery schedule. At the conference, the Court explained the necessity of expert medical opinions in such a case. As the Court remembers, the point was emphasized that relying upon the mere medical records of a treating physician in a case such as this was probably insufficient. Following the teleconference, the parties submitted a new amended scheduling order setting November 15, 2010, as the new deadline for expert disclosures.

The new deadline passed without Plaintiff making any additional medical expert disclosure. By letter dated December 2, 2010, the Defendant's counsel requested that Plaintiff address the absence of expert witness disclosure and stated that it would file a motion to dismiss. Plaintiff did not respond to the letter. This motion for summary judgment followed. Plaintiff has not responded.

II.

The Federal Tort Claims Act ("FTCA") is Plaintiff's exclusive remedy for suits against the United States or its agencies sounding in tort. 28 U.S.C. § 2679(a). This statute grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the

2

same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In other words, "[the] Act waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances." *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (internal quotation marks and citation omitted). To determine the liability of a private person, "we are to look to the law of the state 'where the act or omission occurred.'" *Crider v. United States*, 885 F.2d 294, 296 (5th Cir. 1989) (quoting 28 U.S.C. § 1364(b)).

Kentucky law recognizes an action sounding in medical malpractice. *Johnson v. Vaughn,* Ky., 370 S.W.2d 591 (1963. That court stated:

> The reasonableness of the skill, care and attention is gauged by the standards ordinarily possessed and observed by members of the profession engaged in the same line of practice in the same or like locality. And, in a large degree, it is dependent upon the nature and circumstances of the particular case. The duty to be performed is according to the exigencies of the case and proportionate to the dangers to be apprehended and guarded against. If a doctor fails in the observance of his duty and obligation to his patient, he is liable for the proximate results.

*Id.* at 596.

"The burden of proof is upon the patient to prove the negligence of the physician or surgeon, and that such negligence was the proximate cause of his injury and damages." *Stacey v. Williams*, Ky., 69 S.W.2d 697, 705 (1934). "The rule in malpractice cases is that negligence must be established by medical or expert testimony unless the negligence and injurious results are so apparent that laymen with a general knowledge would have no difficulty in recognizing it." *Harmon v. Rust*, Ky., 420 S.W.2d 563, 564 (1963) (*citing Johnson v. Vaughn, supra*).

> The facts necessary to establish a cause of action against a
> physician or surgeon for malpractice can only be proven by

3

> experts, skilled in medicine or surgery, qualified to testify where
> the matter in issue is exclusively within the knowledge of experts.
> The right of recovery cannot be established by laymen unless the
> subject-matter involved is common knowledge or ascertainable by
> nonexpert's senses.

*Stacey* at 705.

Plaintiff also has the burden of proving the breach was the proximate cause of the harm claimed. *Stacey* at 706. "Conjecture, surmise, and speculation are insufficient upon which to rest a verdict of a jury." *Id.* In Kentucky, expert testimony is required in medical malpractice actions to prove that the claimed negligence was the proximate cause of the plaintiff's injuries.

> It is beyond dispute that causation is a necessary element of proof
> in any negligence case. It is an accepted principle that in most
> medical negligence cases, proof of causation requires the
> testimony of an expert witness because the nature of the inquiry is
> such that jurors are not competent to draw their own conclusions
> from the evidence without the aid of such expert testimony.

*Baylis v. Lourdes Hospital, Inc.*, Ky., 805 S.W.2d 122, 124 (1991) (citations omitted).

This case concerns very complicated medical circumstances in which any alleged breach of care is far from clear. Plaintiff cannot prove her medical malpractice claims without expert testimony on the issues of breach and causation. Plaintiff's existing expert disclosure does not articulate any opinions concerning a breach of a standard of care by this Defendant; the foundation for any such opinion; or that any harm was caused by such a breach. Therefore, Plaintiff has failed to disclose, as required, any evidence that would enable her to meet her burden of proof here. Without expert testimony, Plaintiff cannot avoid a summary dismissal of this action. The Court has provided her ample opportunity. The deadline for Plaintiff to disclose her experts has come and gone with Plaintiff failing to present any testimony sufficient to meet her legal burden in this case.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record